UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM MAY,

    Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:13-cv-599

Barrett, J.
Bowman, M.J.

### REPORT AND RECOMMENDATION

This is a Social Security disability benefits appeal for which the Court, acting pursuant to sentence four of 42 U.S.C. § 405(g), reversed the non-disability finding of the Administrative Law Judge ("ALJ"), and ordered a remand to the ALJ for further proceedings. (Docs.14, 15). Now before the Court is a motion by Plaintiff's counsel for a contingency fee award in the amount of $13,150.00 pursuant to 42 U.S.C. §406(b)(1)(A).[1] See *Horenstein v. Sec'y of Health & Human Servs.,* 35 F.3d 261, 262 (6th Cir.1994) (en banc). The Commissioner filed a response in opposition to the Plaintiff's motion. (Doc. 21). Additionally, the record also includes a *pro se* letter from Plaintiff, relating to the instant motion for attorney fees. (Doc. 23). Plaintiff's counsel's

---

[1] Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

motion has been referred to the undersigned for initial review and a Report and Recommendation. Upon careful review the undersigned finds that motion is well-taken and should be granted as outlined below.

Plaintiff entered into a fee agreement with his counsel authorizing a 25% contingency fee of past due benefits payable to Plaintiff. (Doc. 24, Ex. 1). Following remand from this Court, an Administrative Law Judge ("ALJ") issued a favorable decision, finding the Plaintiff disabled as of January 2, 2005, and awarding him a lump sum of $100,982.80 for past due DIB benefits. (See ECF #19-5 at 8). Twenty-five percent of that sum, or $25,245.70, has been withheld for the payment of attorney's fees. (*See* Doc. 19, Ex. 5 at 8). However, the notice of award explained that the Commissioner "might have to reduce these benefits if you received Supplemental Security Income (SSI) for this period (*See* Doc. 19, Ex. 5 at 7). The Commissioner subsequently determined that $35,525.19 of those benefits cannot be paid due to the windfall offset provision of the Act. As such, the past-due benefits actually due Plaintiff is **$65,457.61.** Thus, 25% of the total past due benefits is $16,361.40.

Here, Counsel's instant motion seeks $13,150.00 for the 26.3.hours of time spent litigating Plaintiff's judicial appeal. However, counsel concedes that, to the extent that any § 406(b) award exceeds the $4,816.32 previously awarded to her under the EAJA for the same hours of work, he will be required to reimburse to Plaintiff the full EAJA fee award to avoid double recovery. Additionally Commissioner has filed a response to Plaintiff's counsel's motion, and Plaintiff has filed a pro se letter to the Court opposing an award 25% of Plaintiff's total past-due DIB benefits of $100,982.80. Instead, Plaintiff proposes that counsel be awarded 25% of $65,457.61; the past-due benefits actually

due Plaintiff, which amounts to $16,364.40.  The undersigned agrees.

As noted above, Title 42 U.S.C. §406(b) authorizes the Court to award attorney's fees following the successful prosecution of Social Security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. 42 U.S.C. §406(b). Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Section 406(b) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption."  *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir.1989). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would ... enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.,*900 F.2d 981, 982 (6th Cir.1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.*

In the present case, the undersigned finds that Plaintiff's requested fee of $13,150.00 is reasonable.  This calculates to be an hourly rate of $500.00, which the Court finds does not amount to a windfall to Plaintiff's counsel. There have been no allegations of, nor has the Court found any instances of, improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee. Quite to the contrary, Plaintiff was well represented by counsel in this case. Therefore, counsel's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Doc. 219) should be granted. *See Wright v. Astrue,* No. 3:09–cv–115, 2012 WL 2700393, at *2–3, 2012 U.S. Dist. LEXIS 93489, at *6–7, (S.D.Ohio July 6, 2012) (Merz, M.J.), adopted by 2012 WL 3023258, at *1, 2012 U.S. Dist. LEXIS 103014, at *1 (S.D.Ohio July 24, 2012) (Rice, J.) (approving a contingency fee award of $15,000.00 for 27.80 attorney hours (a hypothetical hourly rate of $539.57) under the Social Security Act).

It is therefore **RECOMMENDED** that the Plaintiff's counsel's motion for §406(b)(1)(A) fees (Doc. 24) be **GRANTED,** and that Plaintiff's counsel be **AWARDED** the requested $13,150.00 in fees.  Because counsel has already received an EAJA award of $4,816.32, which otherwise would be remitted by counsel to Plaintiff since a greater fee under § 406(b) is being awarded for duplicate work in this Court, **IT IS FURTHER RECOMMENDED THAT** counsel be awarded a total of **$8,333.68** ($13,150.00–$4,816.32) out of Plaintiff's award of past-due benefits. Such an award will

4

expedite the time in which Plaintiff and his counsel will both receive the full awards due to them, by avoiding the need for counsel to remit the EAJA fee to his client. [2]

                                            *s/ Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge

---

[2] Plaintiff's pro se letter to the Court also attached a copy of Plaintiff's Counsel's fee petition requesting an additional 10,000.00 in fees for work done at the administrative level pursuant to Title 42 U.S.C. §406(a)  However, there is no indication from the record that Plaintiff's counsel has been awarded any additional fee award from the ALJ.  That being said, the fee agreement between Plaintiff and his counsel provided that Plaintiff would remit twenty-five percent (25%) of past due benefits, upon approval by the District Court and/or Social Security Administration to his counsel. Under no circumstances should the total requested fees between 406(a) and 406(b) exceed a total of $16,364.44, which represents 25% of the past due benefits actually due Plaintiff.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WILLIAM MAY,                          Case No. 1:13-cv-599

       Plaintiff,                    Barrett, J.
                                          Bowman, M.J.
   v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6